Filed 9/25/23  P. v. Joiner CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081925 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN174120) |
| WARDELL NELSON JOINER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Bradley A. Weinreb, Judge.  Affirmed.

Wardell Nelson Joiner, in pro. per.; and Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2005, a jury convicted Wardell Nelson Joiner of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found Joiner committed the murder by means of torture (§ 190.2 (a)(18)).  The court sentenced Joiner to prison for life without parole.

---

[1]     All further statutory references are to the Penal Code.

In 2023, Joiner filed a petition for resentencing under section 1170.91, on the basis he suffered mental impairment as a result of his military service in the Iraq war.

The trial court denied the petition by written order finding Joiner's conviction of first degree murder with a special circumstance found true rendered him ineligible for resentencing under section 1170.91. The court stated: "Because the charge for which [p]etitioner was convicted does not fall within the purview of Penal Code section 1170, subdivision (b), the changes made by Senate Bill 865 are inapplicable to [p]etitioner."

Joiner filed a timely notice of appeal from the order denying his petition.

Appellate counsel has filed a brief following the procedure outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error in the same manner we would do if the case was controlled by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We advised Joiner of his right to file his own brief on appeal. Joiner has responded by filing a supplemental brief. We will discuss his submission later in this opinion.

The facts of the underlying conviction are not relevant to our analysis of the issues presented by this appeal. We will omit a statement of facts in the current opinion.

### DISCUSSION

As we have noted, appellate counsel has filed a brief following the procedure outlined in *Delgadillo*. Counsel asks us to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a

2

possible issue that was considered in evaluating the potential merits of this appeal: Did the trial court prejudicially err by determining Joiner was ineligible for relief under section 1170.91?

In his supplemental brief, Joiner argues denying him relief under the statute denies him due process and equal protection. He does not explain how denying him the benefits of an inapplicable statute is unlawful. The statute where applicable provides a mechanism to mitigate punishment where the mental condition might impact the selection of the appropriate term. Here, Joiner has lawfully been sentenced to prison for life without parole. There is no term to be selected in such cases other than that which is mandated by statute.

Joiner also asks this court to order the state to provide him with a youthful offender hearing, a matter well outside the scope of this appeal. Joiner has not raised any potentially meritorious issues for reversal in this appeal.

We have exercised our discretion to independently review the record for error. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Joiner on this appeal.

## DISPOSITION

The order denying Joiner's petition for resentencing under section 1170.91 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


KELETY, J.